# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID S. HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STANISLAUS COUNTY, et al.,<br><br>　　　　Defendants. | Case No.  1:14-cv-01830-KJM-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

Plaintiff David S. Hernandez ("Plaintiff") filed the complaint in this action on November 18, 2014.  (ECF No. 1.)  For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims and recommends that Plaintiff's complaint be dismissed without leave to amend.

**I.**

**SCREENING**

District courts may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6) if the Court gives notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion.[1]  Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d

---

[1] By these findings and recommendations, the Court gives notice to Plaintiff of its intention to dismiss and affords Plaintiff an opportunity to submit a written memorandum in opposition in the form of objections to these findings and recommendations.

1

986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff's complaint names Stanislaus County and Timothy Salter as defendants. (Compl. ¶ 7-8.) Plaintiff alleges that he is a resident of Stanislaus County. (Compl. ¶ 6.) Plaintiff alleges that Timothy Salter is a civil judge in Stanislaus County. (Compl. ¶ 7.)

Plaintiff alleges that, in 1999, he applied for a permit with Stanislaus County's Department of Public Works to convert his 240 square foot garage into two extra bedrooms. (Compl. ¶ 9.) The real property at issue is located at 5021 Rosso Court, Salida, California. (Compl. ¶ 9.) Plaintiff alleges that as a result of the change, Plaintiff's house went from a three bedroom home to a five bedroom home. (Compl. ¶ 11.)

Plaintiff alleges that in 2003, "Defendants ordered counselor Charles R. Levatino Esq., to sell said premises, to be properly listed for sale, during said time when the market was higher than within today's market." (Compl. ¶ 11.) Plaintiff's complaint also raises rambling, vague, and confusing allegations regarding an alleged conspiracy among attorneys from the law firm of

McCormick, Barstow, Sheppard, Wayte & Carruth LLP, two "independent attorneys at law," and attorneys for Stanislaus County. (Compl. ¶ 12.) Plaintiff alleges that these attorneys "willfully committed perjury ... through the submission of each sworn statements[sic] ... with intent to create fraudulent records of the court, and can be verified through their written declaration, responses and motions which those counselors had no opposing material evidence to dispute plaintiffs permit authentic." (Compl. ¶ 12.) Plaintiff alleges that "when Defendants made its ruling, they knowingly had knowledge their records of the court were subject to fraud and perjury...." (Compl. ¶ 12.)

Plaintiff further alleges that "all Defendants are protecting Charles R. Levatino Esq., since it was the Defendant, Stanislaus County who gave orders to sell plaintiff's property, to Mr. Levatino to carry out under its State jurisdiction during plaintiff's dissolution of marriage...." (Compl. ¶ 20.) Plaintiff further alleges that Defendants are retaliating against Plaintiff because Plaintiff sued Stanislaus County in 1999 for discrimination. (Compl. ¶ 24.)

Plaintiff alleges that in April 10, 2012, he filed a motion for reconsideration regarding a lawsuit against Charles R. Levatino, which was denied by Defendant Timothy Salter. (Compl. ¶ 28.) Plaintiff alleges that he subpoenaed the "Chief Building Officer" from the Stanislaus County Department of Public Works, but was denied discovery by the Stanislaus County Superior Court. (Compl. ¶ 28.) Plaintiff alleges that "Timothy Salter instructed Plaintiff that he would have to dismiss his subpoenaed witnesses ... because it was not proper time for those discoveries." (Compl. ¶ 29.)

## III.

## DISCUSSION

Although Plaintiff's complaint is unclear, it appears that he is suing Judge Timothy Salter for his actions as judge in a lawsuit involving Charles R. Levatino and/or the sale of Plaintiff's house during the dissolution of his marriage. Plaintiff appears to be suing Stanislaus County for its failure to train Judge Timothy Salter.

///

///

### A. Absolute Judicial Immunity

Plaintiff attempts to state claims against Defendant Timothy Salter, a state court judge. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing Richardson v. Koshiba, 693 F.2d 911, 913 (9th Cir. 1982)). "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Id. "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Id. (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)). California law also affords judges absolute immunity to judges:

> "It is well established judges are granted immunity from civil suit in the exercise of their judicial functions. [Citations]. This rule applies even where the judge's acts are alleged to have been done maliciously and corruptly. [Citations.] ..." Judicial immunity from a civil action for monetary damages is absolute. [Citations.]

Soliz v. Williams, 74 Cal. App. 4th 577, 585-586 (1999).

Plaintiff fails to state any cognizable claims against Defendant Timothy Salter because Judge Salter's actions were judicial acts taken within the jurisdiction of his court. Accordingly, he is afforded absolute immunity for those actions irrespective of Plaintiff's characterization of those actions as wrongful. It is worth noting that nothing in Plaintiff's vague and rambling complaint coherently describes any wrongful conduct by Judge Salter. At most, Plaintiff alleges that he received an adverse ruling regarding discovery and Plaintiff contends, in conclusory fashion, that these rulings were wrong. Plaintiff fails to persuasively demonstrate how these rulings are wrong. Accordingly, Plaintiff fails to state any cognizable claims against Defendant Timothy Salter.

### B. Plaintiff's Count I, II, III, and VII (Section 1983)

Plaintiff attempts to raise several claims under Section 1983. As discussed above, Plaintiff fails to state any cognizable Section 1983 claims against Defendant Timothy Salter because he is entitled to absolute judicial immunity. See discussion, supra, Part III.A.

Plaintiff also attempts to state Section 1983 claims against Defendant Stanislaus County. "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the

4

constitutional violation at issue." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). "*Respondeat superior* or vicarious liability will not attach under § 1983." Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694-95 (1978)). "[T]here are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." Id. at 387. In order to be liable under a failure to train theory, the municipality's failure to train must amount to deliberate indifference to the rights of its inhabitants. Id.

Here, Plaintiff's complaint fails to allege any facts which support the conclusion that Stanislaus County's training amounted to deliberate indifference. Plaintiff fails to identify the nature or extent of any training provided by Stanislaus County to Defendant Timothy Salter. Plaintiff fails to identify how any such training was deficient. Plaintiff fails to put forth any plausible theory as to how the alleged failure to train caused any injury to Plaintiff. Moreover, as discussed above, Plaintiff's complaint fails to establish any plausible theory regarding any wrongful conduct by Judge Salter in the first place. Accordingly, Plaintiff fails to state a cognizable claim against Stanislaus County.

### C.    Plaintiff's Count IV and Count V

Count IV and Count V of Plaintiff's complaint is confusingly titled "California Governmental Tort Liability Act, and confusingly cites several different statutes and legal theories, such as California Government Code § 910, 18 U.S.C. § 242, and negligence. Plaintiff fails to state a cognizable claim under any of these legal theories.

To the extent that Plaintiff attempts to assert a civil claim under 18 U.S.C. § 242, such a claim fails because Section 242 is a criminal statute which provides no basis for civil liability. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Under California law, "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a). In other words, "[g]overnment tort liability in California is governed completely by statute." Swaner v. City of Santa Monica, 150 Cal. App. 3d 789, 797 (1984).

///

///

Plaintiff fails to identify any statute which establishes liability against Defendant Stanislaus County for the conduct alleged in the complaint.[2] Plaintiff vaguely alleges that Defendant Stanislaus County "negligently breached" a "duty to use due care to protect civil rights under color of law" and "negligently supervised Defendant Salter by failing to sufficient[sic] train..." (Compl. ¶¶ 60-61, 63-64.) Nothing in the California Government Code creates liability based upon such vague allegations. On the contrary, California Government Code § 815.2(b) states that "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." In other words, since Defendant Timothy Salter is immune from liability, Defendant Stanislaus County cannot be liable under California law.

Based upon the foregoing, Count IV and Count V of Plaintiff's complaint fail to state any cognizable claims against Defendants.

### D. Plaintiff's Count VI (Section 1985)

Count VI of Plaintiff's complaint is for violation of 42 U.S.C. § 1985 and alleges that Defendants engaged in a conspiracy to interfere with civil rights. For the same reasons set forth above, Plaintiff fails to allege facts that plausibly support the conclusion that any conspiracy existed involving Defendants or that his rights were violated in any way. Accordingly, Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1985.

### E. Dismissal Without Leave to Amend

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotations and citations omitted).

The Court finds that Plaintiff's complaint cannot possibly be cured by the allegation of other facts. Plaintiff's claims against Defendant Timothy Salter are absolutely barred by the doctrine of judicial immunity and Plaintiff can allege no facts that would support a plausible

---

[2] Although Count IV and Count V cite to California Government Code § 910, Section 910 merely sets forth California's claims presentation requirements for claims against public entities and does not create a substantive theory of liability.

claim for relief against Defendant Stanislaus County relating to its training of Judge Salter. Accordingly, the Court will recommend that Plaintiff's complaint be dismissed without leave to amend.

## IV.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims and Plaintiff's complaint cannot be cured by the allegation of other facts.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 5, 2014**

UNITED STATES MAGISTRATE JUDGE